UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MERCEDES GUINAND-DAO

    Plaintiff,                                          Case No.: 18-cv-24594-CMA

v.

BAPTIST HEALTH OF SOUTH FLORIDA, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MERCEDES GUINAND-DAO, ("Guinand-Dao" or "Plaintiff") by and through undersigned counsel, sues Defendant, BAPTIST HEALTH OF SOUTH FLORIDA, INC. ("Baptist" or "Defendant") and alleges the following:

### NATURE OF ACTION

1. This is an action seeking remedies for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended ("ADA") and the Age Discrimination in Employment Act (29 U.S.C. §§621 et seq.) ("ADEA").

### JURISDICTION AND VENUE

2. Federal Question Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to Section 107(a) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a); and Section 102 of the Civil Rights Act of 1991; 42 U.S.C. § 1981(A) as

1

well as violations of the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§621 et seq.), ("ADEA").

3. Pursuant to 28 U.S.C. § 1391 proper venue for this cause of action is the United States District Court for the Southern District of Florida. The unlawful employment practices complained of herein occurred within the Southern District of Florida, specifically, Miami, Miami-Dade County, Florida.

## PARTIES

4. All times material to this case, Guinand-Dao is and was a resident of the State of Florida in Miami-Dade County.

5. From 1990 to August 1, 2014, Guinand-Dao was employed by Baptist as a registered nurse.

6. At all times material to this case, Guinand-Dao was an "employee" of Baptist as defined by all pertinent state and federal laws.

7. Defendant is a Florida not for profit corporation with its principal place of business in Coral Gables, Florida.

8. At all times material to this case, Baptist was an "employer" as defined by all pertinent state and federal laws that employed more than 20 employees.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9. Guinand-Dao timely dual filed a Charge of handicap or disability discrimination, age discrimination, and retaliation with the U.S. Equal Employment

Opportunity Commission ("EEOC") and with the Florida Commission on Human Relations ("FCHR"), a copy of which is attached hereto as **Exhibit A**, and accordingly, is permitted to proceed to court on her claims.

10. On July 16, 2019, counsel for Plaintiff received Notices of Right to Sue from the EEOC for Plaintiff's Charge, a copy of which is attached hereto as **Exhibit B.**

11. Guinand-Dao has satisfied all the administrative procedures that were conditions precedent to filing this cause of action with no satisfactory remedy.

## FACTS

12. Mercedes Guinand-Dao-Dao worked for Defendant from 1990 until her termination on August 1, 2014.

13. During her employment with Defendant, Guinand-Dao worked as a registered nurse ("RN") in the Critical Care Unit and the Pediatric Care Unit. She also was an instructor.

14. At all times relevant to this action, Guinand-Dao had a disability relating to her hearing.

15. At all times relevant to this action, Guinand-Dao was over forty years of age.

16. During Guinand-Dao's employment, she received favorable reviews, accolades, and positive feedback from supervisors and co-workers.

17. Over the course of her employment, Guinand-Dao made only one request for an accommodation for her bilateral hearing impairment disability a particular part that was prescribed by her physician to be attached to the main ER phone at her employment.

18. The accommodation allowed Guinand-Dao to be able to communicate with patients and co-workers in order to take orders over the phone, an essential function of her job.

19. Baptist provided the accommodation to Guinand-Dao; however, when Defendant opened a new wing where Plaintiff was working, they did not transfer the device to the new wing.

20. Guinand-Dao requested the device be installed on the phone in the new wing, but instead in approximately 2013 she was given an ASCOM phone.

21. Unfortunately, Defendant did not provide a device that was compatible with her hearing aids and thus the volume on the phone was insufficient for Plaintiff to be able to hear in order to perform her job duties. In fact, the ASCOM phone was even given to Plaintiff with a beeper that was not even connected to the phone.

22. The inadequate accommodation of the ASCOM phone created tension between Guinand-Dao and her co-workers as they could no longer give her orders over the phone and instead had to do so in person.

23. Beginning in 2008, when an e-mail circulated among several administrators, and in which a higher-ranking administrator stated "Don't cut her slack," and "historically creates problems," Guinand-Dao was been bullied, harassed, intimidated, and discriminated against nonstop, including, but not limited to, the following acts:

   a. Staff screamed, yanked at, ignored, confronted, bullied, intimidated, and scared Guinand-Dao;

   b. At least three unfounded, unfair, and malicious accusations were made against her by Baptist supervisors and staff;

   c. Witnesses to these events were threatened with termination, harassed, and forced to change statements and/or documents by Baptist administration; and,

   d. Allegations and information on Guinand-Dao's history have been grossly changed, re-written, and modified to conform to the administration's needs, on a repeated basis.

24. Additionally, for approximately four years prior to her termination, Guinand-Dao had been requesting to return to a full-time schedule.

25. Guinand-Dao's supervisor, Myrlene Decady-Alexis, refused to grant this request, despite the obvious need for same in the department and Plaintiff's clear qualifications.

26. Upon information and belief, during this time other younger, non-disabled RNs were routinely returned to full-time upon request.

27. On or about July 10, 2014, Guinand-Dao submitted an internal complaint of discrimination to Baptist's human resources department.

28. On or about July 11, 2014, Guinand-Dao was suspended pending an investigation of a medical error.

29. Specifically, Guinand-Dao's supervisor, Ms. Decady-Alexis, informed Plaintiff that she had been reviewing Plaintiff's work and that allegedly, on June 20, 2014, Guinand-Dao had incorrectly dispensed medication to a patient.

30. Guinand-Dao denied, and continues to deny, these allegations and in fact, the evidence and the facts reveal they are completely unfounded.

31. On August 1, 2014, Guinand-Dao was terminated.

32. The reason for the termination given on Guinand-Dao's termination paperwork was "hostile environment."

33. Guinand-Dao submits Defendant arbitrarily removed the reasonable accommodation for her disability and engaged in the pattern of harassment indicated above based upon her hearing impairment disability and/or her age.

34. Guinand-Dao has retained the undersigned counsel and is obligated to pay her a reasonable fee and costs of this litigation.

## COUNT I
## ADA DISABILITY DISCRIMINATION -FAILURE TO ACCOMMODATE
## (42 U.S.C.§ 12101, et seq.)

35. Guinand-Dao re-alleges and references each and every allegation contained in paragraphs 1 through 21 and paragraphs 25 through 31 and incorporates the same as if fully restated herein.

36. Guinand-Dao is a qualified individual with a disability within the meaning of the ADA.

37. Guinand-Dao was terminated because of her disability and her record of a disability in violation of Section 102(a) of the ADA.

38. Defendant would not provide job accommodations, specifically the accommodation listed in paragraphs 17-19 above, to assist with the performance of Guinand-Dao's job duties Defendant did for her similarly situated non-disabled comparators.

39. Defendant's failure to accommodate Guinand-Dao in a fair and timely manner was motivated by Defendant's discriminatory intent.

40. Defendant denied employment opportunities to Guinand-Dao because of her disability/record of disability and/or perceived disability and the need to make reasonable accommodations to Guinand-Dao's known limitations.

41. Defendant's actions, specifically, (1) terminating Guinand-Dao, (2) denying her employment opportunities and career advancements, (3) refusing to

discuss in an interactive manner/way to resolve Guinand-Dao's job accommodation needs and, (4) failing to make reasonable accommodations to Guinand-Dao's known physical limitations, were committed in reckless indifference to her federally protected rights to be employed without regards to her disability.

42. The acts and omissions of Defendant constitutes discrimination on the basis of Guinand-Dao's disability, in violation of 42 U.S.C. § 12101, et seq.

43. As a direct result of Defendant's discriminatory conduct and disability-based harassment, Guinand-Dao started experiencing severe emotional distress, depression, and anxiety resulting eventually in a stress-induced brain tumor.

44. As a direct and proximate result, of Defendant's disability based discrimination, Guinand-Dao suffered damages including loss of income, loss of job benefits, loss of employment entitlements, the loss of her personal dignity, severe emotional distress, inconveniences, financial setbacks, attorneys' fees, costs, expenses, and other consequential damages not capable of being ascertained at the present time.

WHEREFORE, Guinand-Dao seeks compensatory and punitive damages against Baptist under the participation and anti-retaliation provisions of the ADA plus reasonable attorneys' fees, costs, expenses, and allowable pre-judgment and post- judgment interest and such other relief as the Court deems and justice so requires under the circumstances.

## COUNT II DISABILITY DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. § 12101 ET SEQ.

45. Guinand-Dao re-alleges and references each and every allegation contained in the preceding paragraphs 1 through 21 and paragraphs 25 through 31 and incorporates the same as if set forth fully herein.

46. Guinand-Dao suffered from a disability and/or handicap as that term is defined under the ADA.

47. At all times relevant hereto Guinand-Dao suffered from bilateral hearing impairment.

48. At all times relevant hereto Defendant regarded Guinand-Dao was an individual with a disability and/or an individual with a record of having a disability as a result of Guinand-Dao being diagnosed with bilateral hearing-impairment.

49. Defendant is an employer as that term is defined under the ADA.

50. Guinand-Dao contends Defendant violated the ADA in engaging in discriminatory conduct towards her on the basis of her disability.

51. As a result of Defendant's violations, Guinand-Dao has suffered damages.

52. As a direct and proximate result of the intentional and discriminatory acts and practices of Defendant, and/or its employees, including the discriminatory discharge of Guinand-Dao's employment, Guinand-Dao suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation,

loss of enjoyment of life, embarrassment, damage to her reputation, and other past and future pecuniary losses.

53. Defendant's actions displayed intentional misconduct and/or gross negligence in that either Defendant had actual knowledge of the wrongfulness of their conduct and the high probability of the damage to Guinand-Dao would result, and despite that knowledge, intentionally pursued a course of conduct resulting in Guinand-Dao's injuries and damages, or Defendant's conduct was reckless and wanton in care that it constitutes a conscious disregard or indifference to the rights of Guinand-Dao.

54. In addition to damages, Guinand-Dao seeks general compensatory and punitive damages. She further seeks reimbursement of her reasonable attorney's fees and costs, pursuant to the 42 U.S.C. § 12101 et seq.

WHEREFORE, Guinand-Dao, prays that judgment be entered in her favor against Defendant as follows: That Guinand-Dao be awarded general and compensatory damages and reinstatement, front pay and back pay and punitive damages; that Guinand-Dao be awarded reasonable attorney's fees and costs pursuant to 42 U.S.C. § 12101 et seq.; that Guinand-Dao be awarded such other relief as the Court deems just and proper under the circumstances.

## COUNT III RETALIATION
## IN VIOLATION OF 42 U.S.C. § 12101 ET SEQ.

55. Guinand-Dao re-alleges and references each and every allegation contained in the preceding paragraphs 1 through 21 and paragraphs 25 through 31 and incorporates the same as if set forth fully herein.

56. This is an action for damages as a result of Defendant's retaliatory treatment brought pursuant to Americans With Disabilities Act, as amended. 42 U.S.C. § 12101 et seq. (ADA).

57. Guinand-Dao made several complaints of her unfair treatment to Defendant, the last one just one day before she was suspended from employment. These requests constitute protected activity.

58. Guinand-Dao complained about, and opposed, what she reasonably believed constituted discriminatory treatment. Specifically, Guinand-Dao repeatedly objected to not being given requested accommodations, including accommodations that Defendant had previously provided and revoked without explanation, not receiving full-time work as requested, and the ongoing harassment described above. These actions constitute protected activity.

59. Defendant took adverse action against Guinand-Dao by failing to redress her complaints of discrimination and by terminating her employment.

60. Guinand-Dao's protected activities and her adverse action are related such that Guinand-Dao was terminated in retaliation for her requests, objections, and complaints.

61. As a result of the aforementioned conduct as alleged in this Count, Defendant violated the ADA.

62. As a result of Defendant's violation, Guinand-Dao has sustained damages.

63. Defendant has failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate retaliation from the work place and to prevent it from occurring.

64. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Guinand-Dao has suffered and will continue to suffer pain and suffering, extreme and severe emotional distress and mental anguish; Guinand-Dao has suffered and will continue to suffer a loss of earnings and other employment related benefits and job opportunities.

65. As a result, Guinand-Dao is thereby entitled to front pay, back pay, general and compensatory damages in an amount to be proven at trial.

66. As a further direct and proximate result of Defendant's violations as herein described, Guinand-Dao has been compelled to retain the services of the undersigned law firm. Guinand-Dao has incurred and will continue to incur

reasonable attorney's fees and costs. Guinand-Dao requests that her attorney's fees and costs be awarded pursuant to 42 U.S.C. § 12101 et seq.

WHEREFORE, Guinand-Dao prays that judgment be entered in her favor against Defendant, as follows: That Guinand-Dao be awarded general and compensatory damages, back pay; that Guinand-Dao be awarded reasonable attorney's fees and costs pursuant to 42 U.S.C. § 12101 et seq.; that Guinand-Dao be awarded such other relief as the Court deems just and proper.

### COUNT IV DISCRIMINATION IN VIOLATION OF ADEA
### (29 U.S.C. §§621 et seq.)

67. Guinand-Dao re-alleges and references each and every allegation contained in the preceding paragraphs 1 through 13, 15 through 16, and 21 through 31 and incorporates the same as if set forth fully herein.

68. Guinand-Dao was a member of a protected class (over the age of 40), qualified to do her job, was denied advancement to full-time positions that were filled with substantially younger employees.

69. As previously set forth above, Guinand-Dao was subjected to discrimination by virtue of disparate treatment as compared to her younger peers, in terms of, but not necessarily limited to:

a. Termination and/or discipline for alleged violations of policies that were not enforced as to her younger peers;

    b. Not receiving support afforded to her younger peers;

    c. By being subjected to heightened scrutiny and expectations of her performance, and provided lesser opportunities to correct or explain perceived infractions of policies than her younger peers;

70. Baptist's selective enforcement of its policies constitute an unlawful discriminatory act within the meaning of the ADEA.

71. At all times material hereto, Baptist, through its authorized agents and employees were and are aware that age discrimination is prohibited under the ADEA.

72. Nonetheless, Baptist, through its authorized agents and employees, engaged in conduct, including involuntarily discharging Guinand-Dao in willful disregard of her rights, in violation of the ADEA.

73. Baptist subjected Guinand-Dao to these adverse employment actions solely because of her age, fifty-seven (57) years old, in violation of the ADEA.

74. Baptist's conduct was willfully committed with malice and reckless indifference to the federally protected rights of Guinand-Dao and is a violation of the ADEA.

75. No legitimate business reasons existed under Baptist's policies, past practices, procedures and/or supervisory instructions to justify Guinand-Dao's

involuntary termination with the allegations lodged against her being a mere pretext for age discrimination.

76. If legitimate business reasons for Guinand-Dao's involuntary termination did exist, age discrimination was a motivating factor in the decision to terminate Guinand-Dao.

77. As a direct, proximate and foreseeable result of Baptist's actions, Guinand-Dao has suffered past and future pecuniary losses, loss of past and future wages, emotional pain, suffering, embarrassment, humiliation, inconvenience and mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries, specifically through actions of Baptist's agents and employees, Guinand-Dao has been tangibly harmed concerning the terms and conditions of her employment, which damages include loss of pay and benefits; damage to Guinand-Dao's chosen career path, including the damage by being required to spend money in an effort to secure other employment; loss of retirement and pension benefits, damage to Guinand-Dao's reputation, damage by loss of dignity; as well as severe emotional anguish and distress.

## COUNT V RETALIATION
## IN VIOLATION OF ADEA
## (29 U.S.C. §§621 et seq.)

92. Guinand-Dao re-alleges and references each and every allegation contained in the preceding paragraphs 1 through 13, 15 through 16, and 21 through 31 and incorporates the same as if set forth fully herein.

93. This is an action for damages as a result of Defendant's retaliatory treatment brought pursuant to 29 U.S.C. §§621 et seq., the Age Discrimination in Employment Act, or ADEA.

94. At all times relevant to the facts alleged in this Complaint, Plaintiff was over the age of 40.

95. On or about July 10, 2014, Plaintiff submitted a formal complaint with Defendant's human resources department relating to her belief she was being discriminated against due to her age.

96. On or about July 11, 2014, Plaintiff was suspended based upon unfounded and false allegations of misconduct and was eventually terminated from employment on August 1, 2019.

97. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

98. Plaintiff was injured due to Defendant's willful violations of the ADEA, to which she is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

a). Enter a judgment that Defendant retaliated against Plaintiff because she exercised her rights under the ADEA;

b). Enjoin and permanently restrain Defendant from further violations of the ADEA;

c). Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. Section 2617(a)(l)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses she suffered as a direct result of Defendant's violation of the ADEA;

d). Award compensatory damages, including emotional distress damages;

e). Award front pay to Plaintiff;

f). Award liquidated damages to Plaintiff;

g). Award reasonable attorney's fees and costs to Plaintiff; and

h). Additional relief to which Plaintiff is entitled including equitable relief.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all matters so triable.

Dated: October 14, 2019

Respectfully submitted,

*/s/ April S. Goodwin*
APRIL S. GOODWIN, ESQ.
FLORIDA BAR NO: 0502537
The Goodwin Firm
801 West Bay Drive, Suite 705
Largo, FL 33770
*Attorney for Plaintiff*
(727) 316.5333
april@goodwin-firm.com
