UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-cv-24233

MERCEDES GUINAND-DAO,

    Plaintiff,

v.

BAPTIST HEALTH OF SOUTH FLORIDA, INC.,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
WITH SUPPORTING MEMORANDUM OF LAW**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of Civil Procedure for the Southern District of Florida, Defendant, Baptist Health South Florida, Inc. ("Baptist"), respectfully moves for entry of summary final judgment in this action, states as follows:

**I.    INTRODUCTION**

Plaintiff's contention that Baptist unlawfully terminated her employment based on her age and/or disability is baseless. The record demonstrates that Baptist terminated Plaintiff after concluding that she attempted to cover up a serious medical administration error that put a pediatric patient's life at risk. Although Plaintiff contends she did nothing wrong, it is clear that her termination had nothing to do with her age and/or hearing impairment. Plaintiff's claim that Baptist failed to accommodate her hearing impairment also is unfounded. To the contrary, the record shows that Baptist accommodated her impairment and that Plaintiff subsequently expressed she was satisfied with the accommodations. Finally, there is no evidence to support Plaintiff's allegation that Baptist terminated her in retaliation for complaints she made against her manager.

In her Complaint, Plaintiff asserts claims for wrongful discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended ("ADA") and the Age Discrimination in Employment Act (29 U.S.C. §§621 et seq.) ("ADEA"). Additionally, Plaintiff alleges retaliation and failure to accommodate under the ADA.

An analysis of the facts of this and applicable law conclusively demonstrates that Baptist is entitled to final judgment as a matter of law because Plaintiff cannot establish: 1) a *prima facie* case of unlawful discrimination (ADEA or ADA); 2) a *prima facie* case of unlawful retaliation (ADA); or a failure to accommodate claim (ADA). Further, Baptist otherwise would be entitled to summary judgment because Plaintiff cannot show that Baptist's reasons for her termination are pretextual. Accordingly, Defendant is entitled to final judgment as a matter of law.

## II.    SUMMARY JUDGMENT STANDARD

### A.    **Summary Judgment Standard**

Summary judgment is "an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986) (internal quotations omitted). Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact to be decided at trial. *Celotex Corp.*, 477 U.S. at 323. When the non-moving party bears the burden of proof on an issue, the moving party need not offer affidavits negating the opponent's claim. *Id.* Instead, the moving party may discharge its burden by showing the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

When a moving party meets its burden, the non-moving party must "go beyond the pleadings," and by affidavits or by "depositions, answers to interrogatories, and admissions on file," and designate specific evidence showing there is a "genuine issue for trial." *Id.* at 324. It is the non-moving party's obligation to come forward with *specific facts*, not "mere allegations or denials of his pleadings." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Id.* at 250. Summary judgment is proper if the non-moving party fails to make this requisite showing. *Id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). As the Supreme Court has noted, "a scintilla of evidence in support of the plaintiff's position will be insufficient [to overcome summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see also*, *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 597 (11th Cir. 1987) ("Where the defendant's justification evidence completely overcomes any inference to be drawn from the evidence submitted by the plaintiff, the district court may properly acknowledge that fact and award summary judgment to the employer.").

B. **The *McDonnell-Douglas* Burden Shifting Paradigm**[1]

The ADEA makes it unlawful for an employer to discriminate against an employee with respect to the terms, conditions or privileges of employment because of the employee's age. 29

---

[1] When analyzing discrimination claims under the ADEA and ADA, courts follow the same burden-shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) and its progeny. *See* Durley v. APAC, Inc., 236 F.3d 651, 655–56, 657 (11th Cir. 2000) (applying burden-shifting framework in McDonnell Douglas to ADA claim). Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000)( The Eleventh Circuit employs the framework established in McDonnell Douglas, to evaluate Age Discrimination in Employment Act claims that are based upon circumstantial evidence of discrimination). Accordingly, Plaintiff's discrimination claims under the ADEA and ADA will be analyzed together under that framework.

U.S.C. § 623(a)(1).[2] The ADA, likewise, makes it unlawful to discriminate against "qualified individual[s] on the basis of disability." 42 U.S.C. § 12112(a).The ADA also makes it unlawful to retaliate against an individual who exercises rights protected by the statute.

It is well-settled that a plaintiff can establish a claim for discrimination or retaliation through either direct or circumstantial evidence. Given the absence of direct evidence in the instant case, Plaintiff must establish her claims through circumstantial evidence using the burden-shifting analysis employed in Title VII employment discrimination cases. *Wascura v. City of S. Miami*, 257 F.3d 1238, 1242 (11th Cir. 2002); *see also McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). Under that paradigm, a plaintiff must first establish a *prima facie* case of unlawful discrimination or retaliation. Once a plaintiff sets forth a *prima facie* case, then the employer must articulate a legitimate, non-discriminatory basis for the action. *Wascura*, 257 F.3d 1242 (*citing Chapman v. Al. Transport,* 229 F.3d 1012, 1024 (11th Cir. 2000)). However, the employer's burden is merely one of production; it need not persuade the court that it was actually motivated by the proffered reasons. *Id*. Once the employer sets forth a legitimate, non-discriminatory/retaliatory reason, then the presumption of discrimination/retaliation is eliminated from the case and the plaintiff must come forward with evidence sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision. *Id*., at 1243. If the plaintiff fails to proffer sufficient evidence to create a genuine issue of material fact as to whether

---

[2] Importantly, the Supreme Court has set a high standard of proof for age discrimination claims. Specifically, to advance past the summary judgment stage, a plaintiff must prove "but for" her age, she would not have suffered discrimination. *See Gross v. FBL Financial Services, Inc*., 557 U.S. 167 (2009). In other words, Plaintiff bears the burden at all times, and must show that age was the "but-for" cause of the adverse employment action. *Id.*; *see also Sims v. MVM, Inc*., 704 F.3d 1327, 1332 (11th Cir. 2013); *Liebman v. Metropolitan Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015)

each of the defendant's proffered reasons is pretextual, the defendant is entitled to summary judgment. *Id*.

### III. ARGUMENT

#### A. Plaintiff Cannot Establish a *Prima Facie* Case of Age or Disability Discrimination

To establish a *prima facie* case of age discrimination, Plaintiff must establish the following elements: (1) she belongs to a protected category; (2) she was subjected to an adverse employment action; (3) similarly situated employees outside of her protected classification(s) were treated more favorably; and (4) she was qualified to do her job. *Holifield v. Reno*, 115 F.3d 1555, 1561-62 (11th Cir. 1997) (citing *McDonnell Douglas Corp.*, 411 U.S. 792).

In order to establish that similarly situated employees were treated more favorably, a plaintiff must show that her employer treated more favorably a substantially younger individual who was similarly situated in all material respects. *See Lewis v. City of Union City,* 918 F.3d 1213 (11th Cir. March 21, 2019) (holding that a similarly situated comparator will have engaged in the same basic conduct (or misconduct) as the plaintiff; will have been subject to the same employment policy, guideline, or rules as the plaintiff; will ordinarily [ ] have been under the jurisdiction of the same supervisor as the plaintiff; and will share the plaintiff's employment or disciplinary history). The "nature of the offenses committed and the nature of the punishment imposed" are the key to determining what conduct is "similar." *Jones v. Gerwens*, 874 F.2d 1534, 1540-41 (11th Cir. 1989). Moreover, evidence of similar conduct is "relevant only if it could be shown that [the decisionmaker] knew of such practices and did not act to discipline rule violators." *Id.*, at 1542; *see also Silvera v. Orange County Sch. Bd.*, 244 F.3d 1253, 1261 (11th Cir. 2001) ("differences in treatment by different supervisors or decision makers can seldom be the basis for a viable claim of discrimination").

To establish a *prima facie* case of disability discrimination, a plaintiff must show that she: 1) had a disability[3]; 2) was a "qualified individual" and 3) was subjected to unlawful discrimination because of her disability.[4] *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.2d 1264, 1268 (11th Cir. 2014); *Garrison v. City of Tallahassee,* 664 F. App'x 823, 825-26 (11th Cir. 2016). Disability "discrimination" includes not making reasonable accommodations to the known physical ... limitations of an otherwise qualified individual with a disability who is an ... employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business ...." 42 U.S.C. § 12112(b)(5)(A). The plaintiff must satisfy each of these three elements by a preponderance of the evidence. *Hilburn v. Maruta Elecs. N. Am., Inc.*, 181 F.3d 1220, 1226 (11th Cir. 1999).

In the case at hand, Plaintiff cannot establish a *prima facie* case of age or disability discrimination because she cannot establish that younger or non-disabled employees who were similarly situated were treated more favorably, or that she was qualified for her job. Consequently, Baptist is entitled to judgment as a matter of law

1. **Plaintiff Cannot Establish That Similarly Situated Younger or Non-disabled Employees Were Treated More Favorably.**

Plaintiff has failed to establish that Baptist treated similarly situated younger or non-disabled employees more favorably. While Plaintiff alleges that she was treated differently because of her age/disability, she has offered no evidence that similarly situated employees outside of these

---

[3] Baptist does not dispute for purposes of this Motion that her hearing impairment constitutes a disability.

[4] Under the ADA, a "qualified individual"" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1267–68 (11th Cir. 2014). Under the ADEA, a "qualified individual" refers to whether an employee's "skills and background" render him or her qualified for the position in question. *See Damon v. Fleming Supermarkets Of Fla., Inc.,* 196 F.3d 1354, 1360 (11th Cir. 1999)

protected classifications were treated more favorably. Baptist terminated Plaintiff's employment because its investigation into the Pyxis[5] discrepancy revealed that Plaintiff administered the incorrect dosage of Versed to a minor and then tried to cover it up rather than immediately bring the error to the attention of a Nurse Managers, Assistant Nurse Managers and/or Resource Nurse, as Baptist's policies required. [SOF ¶¶ 24-28].

Plaintiff, however, has not identified any other employee who conducted themselves in a similar manner under similar conditions and retained their employment at Baptist. Because Plaintiff cannot show there are any younger or non-disabled employees who engaged in the same or substantially same conduct and retained their employment with Baptist, she cannot establish an actionable claim for unlawful termination based on her age or disability. . *See Blow v. Virginia Coll.*, 619 F. App'x 859, 863 (11th Cir. 2015); *Dent v. Fed. Mogul Corp.*, 129 F. Supp. 2d 1311, 1314 (N.D. Ala. 2001) (holding no actionable claim "because Plaintiff has failed to identify an employee of another race or gender who was both treated more favorably than and 'similarly situated' to him, for purposes of establishing a prima facie case).

### 2. **Plaintiff is Unable to Establish that She Was Qualified for Her Job at the Time of Her Termination**

Even if the facts of this case were different and Plaintiff could show that there were younger and/or no-disabled employees who were treated more favorably under similar circumstances, Plaintiff still cannot establish a *prima facie* case of age or disability discrimination because she was not qualified for her job. Aside from her technical skills as a nurse, Plaintiff was unable or

---

[5] The Pyxis machine is a locked machine in which narcotics are stored. In order to access the machine, the licensed healthcare provider must put in identifying information regarding themselves and the patient to whom the medication is being administered. The record of the date and time of each access into the machine is maintained by Baptist in order to reconcile the withdrawal of narcotics and monitor for any discrepancies. [SOF ¶ 18].

unwilling to comport herself with Baptist's conduct and professionalism standards. The undisputed evidence establishes that Plaintiff had a long, documented history of performance issues and corrective action based on numerous patient and co-worker complaints. [SOF ¶ 28, and Ex. D and Ex. E]. The record demonstrates that Plaintiff was the subject of numerous corrective action from May 30, 2008 to her termination, and had been placed on decision-making more than once. [SOF ¶ 28, and Ex. D and Ex. E]. Because Plaintiff cannot establish that she was qualified for her position, she cannot establish a *prima facie* case of age or disability discrimination and, thus, her discrimination claims fail as a matter of law.

### 3. Plaintiff Cannot Establish That Baptist's Stated Reasons for Terminating Her are Pretextual

Assuming Plaintiff could establish a *prima facie* case of age or disability discrimination, Baptist still is entitled to summary judgment because Plaintiff cannot show that its reasons for termination were pretextual. *See McDonnell-Douglas Corp.*, 411 U.S. 792; *Brungart*, 231 F.3d at 798; *Barker*, 375 F. App'x at 968. To do so, Plaintiff must set forth evidence that reveals "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that no reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997). Such evidence must: (1) prove that the proffered reason is false; and (2) prove that discrimination was the real reason behind the termination. *See Brisk*, 2015 WL 12712316, at *5 (citations omitted) (granting summary judgment in FMLA claim on behalf of employer where employer presented legitimate business reasons for employment action and plaintiff failed to disprove them); *Daugherty v. Mikart, Inc.*, 205 F. App'x 826, 827 (11th Cir. 2006) (affirming summary judgment without regard for whether plaintiff made a *prima facie* case of FMLA retaliation because employer proffered legitimate business reasons that plaintiff could not adequately refute as pretextual with sufficient

evidence). Moreover, the relevant inquiry is not whether Plaintiff believed she engaged in wrongdoing that warranted termination, but whether the decision-maker "believed Plaintiff may have violated a workplace rule, ***even if mistakenly or unfairly so***." *Rodriguez v. Cargo Airport Services USA, LLC*, No. 14-CV-22610, 2015 WL 13016400, at *8 (S.D. Fla. Aug. 5, 2015), *aff'd*, 648 F. App'x. 986 (11th Cir. 2016) (emphasis added); *Hudson v. Blue Cross Blue Shield of Ala.*, 431 F. App'x 868, 869 (11th Cir. 2011) (stating that "whether an employment decision was prudent or fair is irrelevant" and "an employer has the "right to interpret its rules as it chooses, and to make determinations as it sees fit under those rules"); *Leach*, 431 F. App'x at 777 ("It is a well-settled principle of employment law that in investigating employee misconduct and reaching an employment decision, employers are entitled to make credibility decisions, and our inquiry is limited to whether the employer reasonably believed in good faith that the employee had engaged in misconduct, not whether the employee actually did so.") (internal citations omitted).

Plaintiff's denial of wrongdoing is not sufficient evidence of pretext. After a thorough investigation into the origins of the Pyxis discrepancy at issue, Baptist concluded Plaintiff administered the incorrect dosage of Versed to the patient, failed to follow proper procedures regarding the administration and waste of the medication, failed to immediately report the error to the appropriate officials, and then made contradictory and inconsistent statements to those conducting the investigation that revealed a cover up of those mistakes. [SOF ¶¶ 25-27].

Moreover, the recommendation to terminate Plaintiff's employment was reviewed by Baptist's Long Service Review Committee ("Committee"), which consisted of the entity CEO, the Corporate Vice President and Chief Human Resources Officer, the Corporate Director, Employee Relations/Ombudsman, a representative from Pastoral Care, the responsible Vice President and the Human Resources Site Director. [SOF ¶ 31]. The Committee

met on July 21, 2014 and, after reviewing Plaintiff's employment history and the results of the investigation, determined that termination of Plaintiff's employment was appropriate. [SOF ¶ 31 and Ex. E, thereto].

### B. Plaintiff Cannot Establish that She was Denied a Reasonable Accommodation (Count I)

Similarly, Plaintiff cannot establish a failure to accommodate claim under the ADA. An employer unlawfully discriminates against a qualified individual with a disability when the employer fails to provide 'reasonable accommodations' for the disability—unless doing so would impose undue hardship on the employer. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). An accommodation is "reasonable" only if it allows the employee to perform the job's essential functions. *Id.* The employee bears the burden of identifying an accommodation that would allow her to perform the essential functions of her job. *Id.*; *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000). This claim is separate and distinct from a discrimination claim. *See Nelson v. PMTD Rests., LLC*, Case No. 3:12-cv-369-MEF, 2013 U.S. Dist. LEXIS 111763, at *23 (M.D. Ala. Aug. 8, 2013)("[A]n employer's failure to accommodate is a separate act of discrimination under the ADA that gives rise to separate cause of action under the ADA, with a different burden of proof and different theory of liability.")

Plaintiff's Complaint fails to identify any specific accommodation that Baptist denied. The record shows that after Plaintiff mentioned that some of her difficulties with interpersonal communications are work may have been attributable to her hearing impairment, Baptist's human resources engaged Baptist's disability/accommodation specialists to meet with Plaintiff to evaluate her concerns. After a thorough interactive exchange, Baptist granted virtually every accommodation Plaintiff requested, and perhaps more. Those accommodations included an ASCOM device to use at work, phone amplification, a quiet workstation, additional disability

10

training for Plaintiff's co-workers and a vibrating and texting pager. [SOF ¶ 17]. Indeed, Plaintiff advised Baptist that she was very satisfied with these accommodations. [SOF ¶ 17]. Because Plaintiff was not denied a reasonable accommodation, Baptist is entitled to summary judgment on her failure to accommodate claim contained in Counts I of her Complaint. *See Nelson v. PMTD Rests., LLC*, 2013 U.S. Dist. LEXIS 111763, at *23 (M.D. Ala. Aug. 8, 2013)

    **C. Plaintiff Cannot Establish a Prime Facie Case of Unlawful Retaliation**

Plaintiff also cannot establish an actionable claim for unlawful retaliation.[6] In order to establish a *prima facie* case of retaliation Plaintiff must show: (1) that she engaged in statutorily protected expression; (2) she suffered adverse employment action; and (3) a causal link between the protected expression and the adverse action. *Stewart v. Happy Herman's Cheshire Bridge,* 117 F.3d 1278 (11th Cir. 1997); *see also Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010) (citing *Smith v. BellSouth Telecomms., Inc.,* 273 F.3d 1303, 1314 (11th Cir. 2001)). "'To establish a causal connection, a plaintiff must show that the relevant decisionmaker was 'aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated.'" *Jones v. Gulf Coast Health Care of Del., LLC,* 854 F.3d 1261, 1271 (11th Cir. 2017) *quoting Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1211 (11th Cir. 2013). "'Generally, a plaintiff can show the two events are not wholly unrelated if the plaintiff shows that the decision maker was aware of the protected conduct at the time of the adverse employment action.'" *Id*., *quoting Krutzig*, 602 F.3d at 1234 (11th Cir. 2010). With respect to the third prong, Claimant must

---

[6] ADA and ADEA retaliation claims are assessed under the same framework employed for retaliation claims arising under Title VII. See <u>Armbrester v. Talladega City Bd. of Educ.</u>, 325 F. App'x 877, 878 (11th Cir. 2009) (holding the *McDonnell Douglas* framework applies equally to discrimination claims under ADEA and retaliation claims under Title VII and the ADEA); *see also Stewart v. Happy Herman's Cheshire Bridge,* 117 F.3d 1278 (11th Cir. 1997)(ADA Claims assessed under same framework as Title VII retaliation claims); *see also Sicilia v. UPS*, 279 Fed. Appx. 936, n. 6 (11th Cir. 2008)(same). This discussion will proceed in analyzing the ADA and ADEA retaliation claims together for ease of reference.

11

prove that her protected activity was the "but-for" cause the adverse employment action. *See Palm Beach Cnty. Sch. Bd. v. Wright*, 217 So. 3d 163, 165 (Fla. 4th DCA 2017), *review denied*, No. SC17-1186, 2017 WL 4685625 (Fla. Oct. 19, 2017); *Univ. of Texas Sw. Med. Center v. Nassar*, 133 S. Ct. 2517 (2013). As with the analysis for discrimination claims set forth above, if Plaintiff establishes a *prima facie* case of retaliation, the burden shifts to Baptist to articulate a legitimate, non-retaliatory reason for the challenged employment decision. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999). Once Baptist does so, the burden shifts back to Plaintiff to demonstrate that the proffered reason is pretextual. *See Id*.

In the case at hand, Plaintiff cannot establish the requisite "causal connection" between her protected activity and her termination of employment.[7] Fatal to Plaintiff's claim is the fact that Plaintiff cannot establish the decision-maker in this case, Myrlene Decady-Alexis or the members of the Committee were aware of Plaintiff's July 10, 2014 e-mail at the time of her termination. Further, Plaintiff's complaint that people in her unit did not like working with disabled individuals came well after the investigation into Plaintiff's medication administration error was underway. [SOF ¶¶ 23, 27-28] Plaintiff was already aware of the internal investigation at that time. [SOF ¶ 28] Because Plaintiff cannot establish the decision makers were aware of complaint during the investigation regarding her conduct or at the time of her termination, she cannot establish the essential "causal connection" element of her *prima facie* case. *See Stanley v. Lockheed Martin corp.,* 2013 U.S. Dist. LEXIS 108145 (M.D. Fla. 2013) *citing Cordoba v. Dillard's, Inc.,* 419 F.3d 1169, 1175 (11th Cir. 2005) (an employer cannot be liable under the ADA for firing an employee when it had no knowledge of the disability and plaintiff failed to show that the relevant decision maker knew about her alleged disability); *Morisky v. Broward County*, 80

---

[7] Baptist will assume for purposes of this Motion only that Plaintiff's July 10, 2014 e-mail to Ms. McCoy constitutes protected activity.

F.3d 445,448 (11th Cir. 1996) (affirming summary judgment where employer was unaware that mental disability); *Schoebel v. Am. Integrity Ins. Co.,* 2015 U.S. Dist. LEXIS 89868, n. 3 (M.D. Fla. 2015); *see also Brungart v. Bellsouth Tel. Inc.*, 231 F.3d 791, 799 (11th Cir. 2000) (emphasis added) (affirming the district court's granting of summary judgment where the employee failed to show that "the decision maker was aware of the protected conduct at the time of the adverse employment action"); *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 ("[a]t a minimum, a plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took adverse employment action").

In light of the fact that Plaintiff cannot establish the requisite causal connection, she cannot establish a *prima facie* case of retaliation. Even if Plaintiff could establish a *prima facie* case of retaliation she cannot show Baptist's reasons for termination are pretextual for the same reasons set forth at *supra*, pp. 8-9.

## IV.     CONCLUSION

It is clear in this case that the pleadings, depositions, and affidavits show that there is no genuine issue as to any material facts, and that Baptist is entitled to summary final judgment as a matter of law.

WHEREFORE, Baptist respectfully requests that this Honorable Court enter an Order: (i) granting its Motion for Summary Final Judgment; (ii) entering final judgment in favor of Baptist; (iii) dismissing Plaintiff's claims with prejudice; (iv) awarding Baptist its reasonable attorneys' fees and costs incurred in filing this motion and defending this case; and (v) awarding such other relief as the Court deems just and proper.

Dated this 13th day of November 2020, in Miami, Florida.

Respectfully submitted,

By: /s/ *Chelsea A. Lewis*
Patrick G. DeBlasio, III, Esq.
Florida Bar No. 871737
E-mail:  pdeblasio@littler.com
Chelsea A. Lewis, Esq.
Florida Bar No.: 111607
E-mail:  chlewis@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552
*Attorneys for Defendant, Baptist Health South Florida, Inc.*

4825-5606-6770.2