UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-cv-24233

MERCEDES GUINAND-DAO,

    Plaintiff,
v.

BAPTIST HEALTH OF SOUTH FLORIDA, INC.,

    Defendant.
_____/

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, Baptist Health South Florida, Inc. ("Baptist" or "Defendant"), pursuant to Federal Rule of Civil Procedure 56 and this Court's Local Rule 56.1, submits its statement of Undisputed Material Facts in Support of its Motion for Summary Judgment.

    **I.    Plaintiff's Employment**

1. Plaintiff worked for Baptist for approximately 14 years as a Registered Nurse in the Critical Care Unit before her employment was terminated in August 2014. [Ex. A – Guinand-Dao Dep. at 22:5-10].

2. In early 1991, Plaintiff transferred to the Pediatric Special Care Unit. [Ex. A – Guinand-Dao Dep. at 22:11-24].

3. In 2008, Myrlene Decady-Alexis, Pediatrics Emergency Department became Plaintiff's manager. [Ex. A - Guinand-Dao Dep. at 29:10-18]

4. Ms. Decady was in charge of Plaintiff's unit and was responsible for making termination decisions. [Ex. A - Guinand-Dao Dep. at 29:10-18]

5. Plaintiff's direct supervisor was Alexandra Varela, the Clinical Nurse Supervisor of Baptist's Pediatrics Emergency Department [Ex. A - Guinand-Dao Dep. at 30:22-25]

6. In August 2014, Plaintiff was working as a Registered Nurse in the Baptist's Pediatric Emergency Department [Ex. A – Guinand-Dao Dep. at 23:5-10].

**II.     Baptist's Policies and Procedures**

7.   Baptist is committed to providing equal access and opportunities to all applicants and employees, and prohibits unlawful discrimination and retaliation. [Ex. B –Sixto Dep. at 20:8-24 and Ex. 2 thereto; Ex. C – Fidler Dep. at 13:18-25, 14:1-4 and Ex. 2, thereto]

8.   Baptist maintains a High Risk/High Alert Medications policy to which Plaintiff acknowledged she was familiar. [Ex. A - Guinand-Dao Dep. at 84:21-25, 85:11-21 and Ex. 4 thereto].

9.   Per Baptist's High Risk Medication policy, all discrepancies must be resolved and an electronic explanation for the discrepancy must be entered. [Ex. A - Guinand-Dao Dep. at 84:21-25, 85:11-21 and Ex. 4 thereto].

10.  In addition, Baptist maintains a Pyxis Medstation Policy that outlines the procedures for utilization of the Pyxis Medstation System, including procedures for wasting medication and a requirement for the immediate reporting of expected count discrepancies, to which Plaintiff acknowledged she was familiar. [Ex. A - Guinand-Dao Dep. at 80:25, 81:1-11 and Ex. 3, thereto].

11.  Plaintiff received Baptist's Employee Conduct and was familiar with the policies during her employment. [Ex. A - Guinand-Dao Dep. at 86:19-25, 87:1 and Ex. 5 thereto].

12.  Plaintiff knew that violation of the Baptist's Employee Conduct could result in immediate termination. [Ex. A - Guinand-Dao Dep. at 86:19-25, 87:2-10 and Ex. 5 thereto].

13.  Baptist is committed to providing an environment where employees are treated with dignity and respect, and where the environment is free from all forms of harassment, retaliation or discrimination, so that employees can perform effectively and experience personal and professional satisfaction from their work. [Ex. B – Sixto Dep. at 20:8-24, 21:4-10 and Ex. 2 and Ex. 3 thereto; Ex. C – Fidler Dep. at 15:3-16 and Ex. 2 thereto]

**III.    Plaintiff's Received All Reasonable Accommodations that She Requested**

14.  By 2010, Plaintiff disclosed to Baptist Human Resources that she suffered from a hearing impairment. [Ex. C – Fidler Dep. at 31:3-8]

15.  Plaintiff requested and received an ASCOM device approximately two (2) years before her termination. [Ex. A - Guinand-Dao Dep. at 128:12-19, 134:12-21 and Ex. 13 thereto].

16. On July 10, 2014, Plaintiff wrote that "[m]y only accommodation requested was an ASCOM phone given to me 2 years ago." [Ex. A - Guinand-Dao Dep. at 125:8-11 and Ex. 13 thereto].

17. Plaintiff represented to Baptist employees that she was satisfied with the accommodations that Baptist provided to her, which included the ASCOM device, amplifying equipment, vibrating beeper, quiet workstation and additional disability training for employees. [Ex. A - Guinand-Dao Dep. at 139:3-23, 141:1-4; Ex. C – Fidler Dep. at 31:3-8]

### IV. Plaintiff's June 2014 Medication Administration Error and Subsequent Complaint

18. The Pyxis machine is a locked machine in which narcotics are stored. In order to access the machine, a licensed healthcare provider must put in identifying information regarding his or herself and the patient to whom the medication is being administered. [Ex. A - Guinand-Dao Dep. at 81:15-25, 82:1-19, and Ex. 3 thereto].

19. Access information for Pyxis is maintained by Baptist in order to reconcile the withdrawal of narcotics and monitor for any discrepancies. [Ex. A - Guinand-Dao Dep. at 81:3-14 and Ex. 3 thereto]

20. A routine weekly narcotic count conducted on June 25, 2014 revealed a discrepancy of Versed in Pyxis. [Ex. A - Guinand-Dao Dep. at 99:14-25, 100:1-9; Ex. D –Request for Termination Approval at 1-2, Ex. E- Long Service Review at 1].

21. Versed is a high-powered narcotic used to sedate patients, identified in Baptist's High Risk Medication policy. [Ex. A - Guinand-Dao Dep. at 66:19-25, 67:1-6].

22. The access information revealed that Plaintiff had been the last person to access this narcotic on June 20, 2014. [Ex. C – Fidler Dep., ¶ #, Ex. A].

23. On July 10, 2014, Plaintiff complained to Vice President of Human Resources, Adriene McCoy, that she believed her manager did not like disabled people on her unit. [Ex. A - Guinand-Dao Dep. at 124:13-25 and Ex. 13 thereto].

### V. Baptist's Independent Human Resources Investigation

24. The Baptist Pharmacy Pyxis team and the Pediatric Emergency Department leadership, in conjunction with Baptist Human Resources, conducted an investigation into the narcotics discrepancy. [Ex. A - Guinand-Dao Dep. at 71:23-25; Ex. D –Request for Termination Approval at 2; Ex. E- Long Service Review at 1].

25. The investigation revealed that on June 20, 2014 an order was placed by a physician to administer one (1) milligram of Versed to a patient. [Ex. A - Guinand-Dao Dep. at 71:23-25; Ex. D –Request for Termination Approval at 2-3 Ex. E- Long Service Review at 1].

26. The investigation also revealed that Plaintiff removed 5 milligrams of Midazolam ("Versed") at 15:34 on June 20, 2014 and administered Versed to the patient at 15:48 without following Baptist's policy that required an independent double check of the dosage with another licensed healthcare practitioner. [Ex. A - Guinand-Dao Dep. at 71:23-25; Ex. D – Request for Termination Approval at 2; Ex. E- Long Service Review at 1].

27. The investigation revealed that Plaintiff took deliberate actions to cover her incorrect narcotics administration, as Pyxis records showed that Plaintiff subsequently removed a vial containing the correct amount of Versed, before returning it to the Pyxis machine. [Ex. A - Guinand-Dao Dep. at 71:23-25; Ex. D –Request for Termination Approval at 4, Ex. E- Long Service Review at 2]. In addition, Plaintiff administered the Versed to the patient without the physician being present, contrary to the physician's wishes. [Ex. D –Request for Termination Approval at 4, Ex. E- Long Service Review at 2].

28. During the investigation Plaintiff gave inconsistent and conflicting accounts regarding her actions during the relevant time. [Ex. A - Guinand-Dao Dep. at 99:14-25, 100:1-19; Ex. D –Request for Termination Approval at 4, Ex. E- Long Service Review at 2]. Plaintiff also failed to follow the controlled waste/disposal policy for the Versed. [Ex. D –Request for Termination Approval at 4, Ex. E- Long Service Review at 2].

### VII.   Plaintiff's Termination

29. On August 1, 2014, Plaintiff's employment was terminated for violation of the Employee Conduct Policy. [Ex. A – Guinand-Dao Dep. at 73:18-25, 74:17-21 and Ex. 2, thereto].

30. Plaintiff was aware that lying during the course of an investigation was a terminable offense. [Ex. A – Guinand-Dao Dep. at 51:21-25].

31. Plaintiff has not identified any other Baptist employee who engaged in the same conduct but treated more favorably than her for such conduct. Because of Plaintiff's lengthy tenure with Baptist, the recommendation to terminate Plaintiff's employment was presented to Baptist's Long Service Review Committee, which included representatives from Human Resources, Baptist leadership and Pastoral Care. The Committee agreed with the decision to terminate. [Ex. E- Long Service Review at 2].

[REMAINDER OF PAGE INTENTIONALLY BLANK]

Dated this 13th day of November 2020, in Miami, Florida.

                                                  Respectfully submitted,

                                          By: /s/ *Chelsea A. Lewis*
                                                  Patrick G. DeBlasio, III, Esq.
                                                  Florida Bar No. 871737
                                                  E-mail:  pdeblasio@littler.com
                                                  Chelsea A. Lewis, Esq.
                                                  Florida Bar No.: 111607
                                                  E-mail:  chlewis@littler.com
                                                  LITTLER MENDELSON, P.C.
                                                  Wells Fargo Center
                                                  333 SE 2nd Avenue, Suite 2700
                                                  Miami, Florida 33131
                                                  Telephone: (305) 400-7500
                                                  Facsimile:   (305) 603-2552
                                                  *Attorneys for Defendant, Baptist Health South Florida, Inc.*

4843-6184-5970.1 071336.1012