UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-24233-UU

MERCEDES GUINAND-DAO,

    Plaintiff,

v.

BAPTIST HEALTH OF SOUTH FLORIDA, INC.,

    Defendant.

_____/

**PLAINTIFF'S MOTION TO DEEM PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT TIMELY OR MOTION FOR EXTENSION OF TIME TO FILE PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Mercedes Guinand-Dao, by and through her undersigned counsel, moves for an entry of an Order of exception to the deadline to file a response to Defendant's Motion for Summary Judgment in accordance with Federal Rules of Civil Procedure Rule 6(b)(1)(B), and states in support as follows:

1. This is an action for employment discrimination and retaliation pursuant to the Americans with Disabilities Act and the Age Discrimination in Employment Act.

2. On November 13, 2020, Defendant filed a Motion for Summary Judgment.

3. Pursuant to Local Rule 7.1, the deadline for the response to a motion for summary judgment is fourteen (14) days after the filing of the Motion.

4. Fourteen days after November 13, 2020 was Friday, November 27, 2020.

1

5. However, because this Court was closed on November 27, 2020 for the Thanksgiving holiday, and November 27, 2020 was also a state holiday in Florida[1], the undersigned's office calendared Plaintiff's Response as being due on Monday, November 30, 2020.

6. On November 19, 2020, this Honorable Court held a conference regarding discovery issues, at which time Plaintiff's counsel indicated Plaintiff's Response was due on November 30, 2020 and that she would be working on it over the Thanksgiving weekend. The Court consequently ordered Defendant to produce certain documents by Tuesday, November 24, 2020.

7. Unfortunately, due to computer issues on the evening of November 30, 2020, Plaintiff's Response was not filed until 1:51 a.m. on December 1, 2020 [D.E. 58].

8. Although Plaintiff maintains the deadline was in fact not until November 30, 2020, due to Defendant's footnote 1 in its Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment ("Reply") [D.E. 65], she is filing this Motion for Extension of Time.

9. Defendant will not be prejudiced by an extension of time because not only is it de minimis, it was well aware of Plaintiff's belief, mistaken or not, to file the

---

[1] See, *inter alia*,
https://www.dms.myflorida.com/workforce_operations/human_resource_management/for_state_personnel_system_hr_practitioners/state_holidays, https://us-public-holidays.com/florida/2020, and
https://www.floridasupremecourt.org/Practice-Procedures/Court-Schedule

Response on November 30, 2020 when the undersigned stated same in the November 19th conference with the Court.

10. In fact, in its Reply, Defendant does not even claim it was, or is, prejudiced by the allegedly late filing. [D.E. 65, p.1, fn 1].

## MEMORANDUM OF LAW

Under Fed. R. Civ. P. 6(a)(1)(C), when a time period specified in the rules is stated in days, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(6)(C) defines a "legal holiday" "for periods after an event, [as] any other day declared a holiday by the state where the district court is located." The 14-day deadline for the filing of a response to a motion for summary judgment is a "period after an event." As stated above, November 27, 2020 was a state holiday in Florida, where this district located. Accordingly, pursuant to Rule 6(a), the deadline to file the Response to Defendant's Motion for Summary Judgment in this matter was November 30, 2020.

Admittedly, Fed. R. Civ. P. 6(a)(4)(A) defines the "last day" of a time period for electronic filing as "midnight in the court's time zone," meaning that if the deadline was November 30, 2020, the 1:51 a.m. filing on December 1, 2020 was late even if the due date was November 30th. If the Court finds the due date was in fact Friday November 27, 2020, the late filing was also was due to Plaintiff's counsel miscalendaring the date based on her belief that the deadline was in fact November 30th due to this Court, as well as all state

3

courts and state offices, being closed on November 27th for the holiday weekend.

Under Fed. R. Civ. P. 6(b), when an act must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect. In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), the Supreme Court held that when analyzing a claim of excusable neglect, courts should "tak[e] account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. *Advanced Estimiating Sys., Inc., v. Rhiney*, 77 F.3d 1322, 1325 (11th Cir. 1996). The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999) (quoting *Pioneer*, 507 U.S. at 395).

In *Blake v. Enchanted Recovery Co.*, LLC, WL 3625594 (M.D. Fla. 2011), the Middle District of Florida found it was excusable negligence when plaintiff's counsel "simply overlooked" the filing deadline. District courts in the 11th Circuit routinely grant motions for extensions of time pursuant to 6(b) when the deadline was missed by only a few days.

4

See *It's A Ten, Inc. v. O'Rourke Holdings, LLC*, No. 12-62138-CIV, 2013 WL 4029062 (S.D. Fla. Aug. 8, 2013) (finding excusable neglect where an "avoidable but not unreasonable" calendaring issue was to blame and permitting twelve additional days to file the untimely motion when the motion for extension of time to file was filed two days after the original filing deadline passed); *Kirkland v. Guardian Life. Ins. Co. of Am.*, 352 F. App'x 293, 297 (11th Cir. 2009) (finding that district court did not abuse its discretion in allowing answer to complaint to be filed one day after the filing deadline due to attorney's calendaring error); *Bryan v. Whitfield*, No: 3:14-cv-341, at *3 (N.D. Fla. Jul. 18, 2015) (finding a "three to four day delay is minimal" and that the non-moving party was "not prejudiced by the short filing delay," "especially in light of the fact that the moving party filed the late motions at issue "prior to filing its Motion for Extension of Time, which implies good faith on Defendant's counsel's part in promptly attempting to correct her mistake.");

In the present case, Plaintiff satisfies the factors in determining whether the action was excusable negligence, including the danger of prejudice to Defendant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Considering the first factor, Defendant will not be prejudiced because it was fully aware of when Plaintiff was planning to file her Response. In fact, when Plaintiff's counsel requested a reason Defendant was prejudiced by the alleged late filing, defense counsel simply stated that Defendant had been "expecting" the Response

to be filed on November 27th. This is not prejudice. Further, Defendant does not even complain of prejudice in its Reply. Finally, Defendant had the same number of days, seven (7), to file its reply. If anything, it had an additional day as if Plaintiff had filed her Response at 11:59 pm on November 30th, Defendant's reply would have been due on December 7, 2020.

Secondly, the length of delay in this instance is minimal, as the deadline was only missed, at worst, by one business day, plus 1 hour 51 minutes, or at best by only 1 hour and 51 minutes, in the middle of the night. Moreover, said Response has already been filed. Aside from the issue relating to the Rule 56(d) motion raised in the Response, Plaintiff's counsel is not requesting any additional time to prepare Plaintiff's Response. Lastly, Plaintiff's counsel acted in good faith by filing the Response on (or only less than two hours after) the deadline she believed it to be.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an Order deeming Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [D.E. 58] timely, or in the alternative granting Plaintiff's Motion for Extension of Time to File Response to Plaintiff's Motion for Summary Judgment, and thereby permitting the late filing of Docket Entry 58, Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, and all further relief this Court deems just and proper.

Dated: December 8, 2020

Respectfully submitted,

/s/ *April S. Goodwin*
APRIL S. GOODWIN, ESQ.
FLORIDA BAR NO: 0502537
The Goodwin Firm
801 West Bay Drive, Suite 705
Largo, FL 33770
(727) 316.5333
april@goodwin-firm.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served upon on counsel of record via the Court's ECF Noticing System on this 8th day of December 2020.

/s/ *April S. Goodwin*
APRIL S. GOODWIN, ESQ.
FLORIDA BAR NO: 0502537